IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KENTA COOK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 318-058 |
| | ) | (Formerly CR 315-005) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Petitioner Kenta Cook filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **GRANTED** as to his claim the government breached the plea agreement at resentencing, the § 2255 motion be **DENIED** as to his remaining claims, Petitioner be appointed counsel for the purpose of resentencing, and this civil action be **CLOSED**.

I.      **BACKGROUND**

A.      **Indictment**

On July 8, 2015, the grand jury in the Southern District of Georgia charged Petitioner in an eight-count indictment with four counts of being a felon in possession of a firearm and four counts of possessing a stolen firearm. United States v. Cook, CR 315-005, doc. no. 1 (S.D. Ga. July 8, 2015) (hereinafter "CR 315-005"). All charges carried a maximum term of ten years imprisonment unless enhanced by the Armed Career Criminal Act ("ACCA") to not less than fifteen years nor more than life imprisonment. 18 U.S.C. § 924(e). CR 315-

005, doc. no. 2.  The Court appointed Thomas C. Rawlings to represent Petitioner as trial counsel.  Id., doc. no. 14.

### B.    First Plea Agreement and Change of Plea Hearing

On October 19, 2015, Petitioner pleaded guilty to Count Two of the indictment for felon in possession of a firearm.  Id., doc. nos. 19-20.  In exchange for the guilty plea, the government agreed to (1) dismiss the remaining counts of the indictment; (2) not object to a recommendation from the probation office for a two-point acceptance of responsibility reduction; and (3) move for an additional one-point reduction under the Sentencing Guidelines if Petitioner's offense level was sixteen or greater prior to acceptance of responsibility.  Id., doc. no. 19, pp. 3-4.

Petitioner's plea agreement contained the following factual basis for his guilty plea:

Between on or about September 13, 2011, and November 9, 2011, within the Southern District of Georgia, the Defendant, Kenta Cook, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm, that is, a Ruger, Model LCP, .380 caliber pistol, serial number 371-75639, which previously had been transported in interstate commerce.

Id. at 1-2.  By signing the Plea Agreement, Petitioner "entirely waive[d] his right to a direct appeal of his conviction and sentence on any ground" unless the Court (1) sentenced him above the statutory maximum, (2) sentenced him above the advisory Sentencing Guidelines range, or (3) the government appealed the sentence.  Id. at 4.  By signing the Plea Agreement, Petitioner additionally attested he "read and carefully reviewed this agreement" with Mr. Rawlings and "that his attorney has represented him faithfully, skillfully, and diligently, and [Petitioner] is completely satisfied with the legal advice given and the work performed by his attorney." Id. at 5-7.

During the change of plea hearing, United States District Judge Dudley H. Bowen, Jr., established Petitioner's competence to enter a guilty plea if he so desired.  Id., doc. no. 50, pp. 4-7.  Petitioner testified under oath he had enough time to discuss his case with Mr. Rawlings and was satisfied with counsel's assistance.  Id. at 7.  Judge Bowen reviewed the charge to which Petitioner was pleading guilty and the potential prison terms.  Id. at 8-9.

Judge Bowen explained the rights Petitioner would be waiving by pleading guilty, and Petitioner affirmed he clearly understood those rights.  Id. at 9-12.  Among the list of rights explained, Judge Bowen reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent.  In addition, Judge Bowen reviewed the appeal waiver and its limited exceptions, as well as confirmed that, other than the promises the government made in the plea agreement, no one made him any promises in order to get him to plead guilty.  Id. at 13-15.

Next, Judge Bowen heard a factual basis for the guilty plea from Special Agent Ronald Rhodes, Jr.  Id. at 15-22.  SA Rhodes testified the investigation began in September 2011 when the Bureau of Alcohol, Tobacco, Firearms, and Explosives became involved in an undercover investigation with the Johnson County Sheriff's Office and Wrightsville Police Department.  Confidential informants purchased numerous firearms and narcotics through April 2012.  Id. at 16.  One individual reported Petitioner broke into a residence and stole two firearms, a Taurus Model Public Defender 45 Colt revolver and a Smith and Wesson Model 15-22 .22 caliber rifle.  Id.  Petitioner provided the firearms to others to sell on his behalf because, at the time, Petitioner was in custody at the Johnson County Jail in connection with a burglary.  Id.  On November 9, 2011, the Wrightsville Police Department

conducted a search of a residence belonging to Tracey Cook, Petitioner's sister, after she and Petitioner's mother, Helen Cook, pawned stolen jewelry at Oconee Bait and Tackle.  Id. at 17.  Officers located the stolen firearms during the search, along with a Ruger Model LCP .380 caliber pistol that, according to Ms. Cook, belonged to Petitioner.  Id. at 17, 21.

Petitioner remained in state custody until February 2014.  Id. at 17.  On October 24, 2014, a burglary occurred at Mike and Vickie Taylor's residence in East Dublin, Georgia. Id.  Four guns were stolen, a Ruger Model LC9 9mm pistol, a Smith and Wesson Model 442 .38 caliber revolver, and two other Smith and Wesson revolvers.  Id.  Two days later, Britton Earl reported to the Dublin Police Department Petitioner punched her in the face, pulled out a firearm, and threatened to kill her and her family if she reported the incident to the police. Id. at 18.  The same day, Ms. Earl's mother informed the Dublin Police Department Petitioner gave her the Smith and Wesson Model 442 .38 caliber revolver stolen from the Taylors' residence two days before.  Id.

On November 10, 2014, the Statesboro Police Department responded to a call regarding a shooting.  Id.  Freddie Brinson interrupted a burglary of his home, observed a black male subject wearing a hoodie inside the residence, attempted to leave, and was shot in the back.  Id. at 18-19.  During a search of the area, officers located a backpack in a tree containing a knit cap and the Ruger Model LC9 9mm pistol taken from the Taylors' residence.  Id. at 19.  Petitioner's DNA was positively identified on the pistol.  Id.  Petitioner remained a fugitive until November 25, 2014, when the United States Marshals Service located him and took him into custody.  Id.  At his arrest, Petitioner was in possession of a Smith and Wesson Model SW40VE .40 caliber pistol, a Kahr Arms Model CW40 .40 caliber pistol, and a .410 gauge shotgun.  Id.  The pistols were both reported stolen in Laurens

County.  Id.  SA Rhodes determined Petitioner had eleven prior felony convictions and the firearms had moved in interstate or foreign commerce.  Id. at 19-20.

Petitioner informed Judge Bowen he disagreed with everything except the testimony about the .380 pistol.  Id. at 22.  Petitioner stated he possessed the pistol and gave it to his sister to hold at her residence.  Id.  Judge Bowen informed Mr. Rawlings how Petitioner's disagreement may impact Petitioner's acceptance of responsibility, and Mr. Rawlings informed Judge Bowen he advised Petitioner only to admit to the conduct regarding the Ruger .380 pistol for the purpose of the change of plea hearing.  Id. at 22-24.  Petitioner testified he was guilty of, and wanted to plead guilty to, one count of felon in possession of a firearm.  Id. at 24.  Judge Bowen accepted the guilty plea, finding an ample factual basis for it.  Id. at 24-25.

### C.      Second Plea Agreement and Change of Plea Hearing

On December 28, 2015, the government filed a motion for supplemental plea colloquy because the United States Probation Office had determined Petitioner was an armed career criminal under the ACCA based on three prior qualifying felony convictions and, accordingly, was subject to a mandatory enhanced sentence under § 924(e).  Id., doc. no. 21, pp. 1-2.  The government requested a supplemental plea colloquy to inform Petitioner of the increased penalties and determine whether Petitioner would stand by his guilty plea.  Id.

On January 13, 2016, Judge Bowen held a supplemental change of plea hearing.  Id., doc. no. 51.  Judge Bowen reviewed the draft of the Presentence Investigation Report, and the probation officer announced the guideline sentencing range under the ACCA, without an acceptance of responsibility reduction, was 360 months to life.  Id. at 5, 10.  However, the government stated, pursuant to the revised plea agreement, it would not oppose a sentence of

fifteen years of imprisonment.  Id. at 9; see also id., doc. no. 24, p. 3.  Petitioner testified he wanted to continue with the guilty plea, and Judge Bowen informed him of the potential statutory penalties under § 924(e).  Id., doc. no. 51, pp. 12-13.  Judge Bowen also informed Petitioner the government's agreement did not guarantee him a sentence of fifteen years, and Petitioner testified he understood.  Id. at 17.  Again, Judge Bowen accepted Petitioner's guilty plea.  Id.

### D.    Presentence Investigation Report (PSI)

The PSI set Petitioner's base offense level for Count Two at twenty-six, pursuant to U.S.S.G. § 2K2.1(a)(1)(A)(i).  First Revised PSI ¶¶ 24.  Petitioner's offense level for Count Two increased to forty after enhancements for:  (1) the offense involving more than ten firearms; (2) several of the firearms being stolen; (3) engaging in the trafficking of firearms; and (4) possessing firearms in connection with other felony offenses; i.e., aggravated assault and residential burglary.  First Revised PSI ¶¶ 25-28.  After the § 924(e) enhancement, the offense level was thirty-four pursuant to U.S.S.G. § 4B1.4.  First Revised PSI ¶ 33. However, because the adjusted base offense level without the enhancement produced a higher offense level, the higher offense level was attributed to Petitioner pursuant to § 4B1.4(b)(1).  Id.  This offense level, decreased three points for acceptance of responsibility, resulted in a total offense level of thirty-seven.  First Revised PSI ¶¶ 34-36.

Petitioner received ten criminal history points because of four criminal convictions pursuant to U.S.S.G. § 4A1.1(a):  (1) a 1996 felony conviction for entering an automobile with intent to commit a theft and theft by taking; (2) a 2005 felony conviction for battery; (3) a 2010 felony conviction for possession of marijuana with intent to distribute and possession of drug related objects; and (4) a 2011 felony conviction for battery.  First Revised PSI ¶¶ 44,

46-48.  Petitioner received two additional points for committing the instant offense while under a criminal justice sentence.  First Revised PSI ¶ 50.  Accordingly, Petitioner's criminal history score of twelve established a criminal history category of V.  First Revised PSI ¶ 51. Based on a total offense level of thirty-seven and a criminal history category of V, Petitioner's guideline imprisonment range was 324 to 405 months.  First Revised PSI ¶ 86.

### E.   Sentencing

Petitioner raised two objections to the PSI.  See First PSI Addendum.  First, Petitioner objected to inclusion of information regarding his possession of a weapon with a high-capacity magazine because Petitioner was in custody when the alleged activity occurred. First PSI Addendum ¶ 1; CR 315-005, doc. no. 43, pp. 15-17.  The PSI stated, on September 28, 2011, Terryon Norris sold to an informant a Smith and Wesson Model M&P 15-22 .22 rifle with a high capacity magazine, reportedly owned by Petitioner.  First Revised PSI ¶ 6. Judge Bowen heard extensive testimony from Mr. Norris and SA Rhodes at sentencing and overruled the objection.  CR 315-005, doc. no. 43, pp. 17-42.

Second, Petitioner objected to use of the 1996 felony obstruction conviction because the level of violence used in commission of the crime did not rise to the level of violence considered by § 924(e).  Id. at 4-6; First PSI Addendum ¶ 2.  At sentencing, Mr. Rawlings stated Petitioner merely pushed a jailor, and the jailor did not recall the incident or require any medical attention.  CR 315-005, doc. no. 43, pp. 4-6.  The government argued the Eleventh Circuit, in Johnson v. United States, 579 F. App'x 920 (11th Cir. 2014), determined the Georgia statute for felony obstruction is categorically a crime of violence under § 924. Id. at 7-8.  Judge Bowen found the felony obstruction conviction was not a qualifying felony because Petitioner was seventeen at the time he committed the offense and pleaded guilty to

7

the offense along with other offenses pending at the time.  Id. at 12-14.

Judge Bowen determined the guideline calculation remained the same despite the objections but the statutory maximum decreased to 120 months of imprisonment because the obstruction conviction did not qualify as a predicate felony.  Id. at 43.  The government noted its position the enhanced penalty under § 924(e) should apply and argued for a sentence on the high end of the guideline range and recalculated statutory maximum.  Id. at 44.  Judge Bowen imposed a sentence of 120 months of imprisonment.  Id. at 45; id., doc. no. 40.

**F.      Direct Appeal**

On April 8, 2016, the government filed a notice of appeal.  Id., doc. no. 41.  Attorney Kevin Gough represented Petitioner on appeal.  (Doc. no. 1, p. 10); United States v. Cook, 686 F. App'x 662, 662 (11th Cir. 2017).  The government argued Judge Bowen erred by failing to impose a minimum sentence of fifteen years under § 924(e) because the felony obstruction conviction qualifies as a violent felony under the ACCA.  Cook, 686 F. App'x at 662.  The Eleventh Circuit held the conviction categorically qualifies as a conviction of a violent felony under the ACCA without need for application of the modified categorical approach.  Id. at 663 (citing United States v. Brown, 805 F.3d 1325, 1327-28 (11th Cir. 2015)).  Finally, the court noted Petitioner did not dispute his other two convictions qualify as predicate convictions and, thus, Petitioner qualified for a sentence enhancement under the ACCA and was subject to the minimum fifteen-year penalty pursuant to § 924(e).  Id. at 664.  Accordingly, the court vacated Petitioner's sentence and remanded the case for resentencing.  Id.

### G.      Resentencing Upon Remand

On June 7, 2017, Judge Bowen ordered the probation office to revise the PSI in accordance with the Eleventh Circuit's mandate.  Id., doc. no. 56.  On August 28, 2017, Petitioner filed a sentencing memorandum arguing for a sentence below the sentencing guideline range pursuant to 18 U.S.C. § 3553(a) based on the facts surrounding the felony obstruction conviction; namely, Petitioner's youth, the victim's inability to remember the crime, and the fact the victim was not injured.  Id., doc. no. 59.  Neither Petitioner nor the government filed objections to the revised PSI.  Second PSI Addendum; CR 315-005, doc. no. 66, p. 3.  The revised PSI still recommended a sentencing guideline range of 324 to 405 months.  Third Amended PSI ¶ 87; CR 315-005, doc. no. 66, p. 4.

At Petitioner's resentencing on September 19, 2017, Petitioner stated he was engaged in educational programs while incarcerated, expressed remorse for his crimes, and asked for mercy.  Id., doc. no. 66, pp. 5-6.  Mr. Rawlings argued a sentence of fifteen years of incarceration would be sufficient to deter, rehabilitate, and punish Petitioner, described Petitioner as cooperative and friendly, and again argued the factual basis for the felony obstruction conviction did not warrant a longer sentence.  Id. at 7-9.  However, the government argued the PSI and sentencing memorandum provide no basis for departing from the sentencing guideline range and requested the Court sentence Petitioner within the advisory guideline range of 324 to 405 months.  Id. at 11-15.  In light of the parties' arguments, Judge Bowen sentenced Petitioner to 240 months of imprisonment.  Id. at 17; id., doc. no. 61.  Petitioner did not appeal.

### H.      § 2255 Proceedings

Petitioner timely filed the instant § 2255 motion to vacate, set aside, or correct his

sentence, raising the following claims:

1) The government breached the plea agreement by recommending a sentence of more than fifteen years of incarceration.

2) Petitioner's Georgia felony obstruction conviction does not qualify as a predicate offense under ACCA because he was seventeen at the time of commission and he was sentenced to less than one year.

3) Petitioner cannot receive a sentence enhancement because the government did not file a notice pursuant to 18 § U.S.C. 851.

4) Mr. Gough rendered ineffective assistance of counsel on appeal by:

   (a) failing to argue <u>Mathis v. United States</u>, 136 S. Ct. 604 (2016), applies to his felony obstruction conviction; and
   (b) failing to argue his Florida battery conviction was not a qualifying predicate offense under the plain error standard.

5) Mr. Rawlings rendered ineffective assistance of counsel at resentencing by failing to argue the Florida battery conviction was not a qualifying predicate offense.

(<u>See generally</u> doc. nos. 1, 2.)

## II.   DISCUSSION

### A.   No Evidentiary Hearing Required

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  <u>Winthrop-Redin v. United States</u>, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)).  "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations.  Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record."  <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted).  Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations

unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004).

While ineffective assistance of counsel claims often require a hearing for development of an adequate record, an evidentiary hearing is not required every time such a claim is raised.  Rosin v. United States, 786 F.3d 873, 878-79 (11th Cir. 2015); Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984).  For example, because the deficient performance prong of ineffective assistance is judged by "whether counsels' representation fell below an objective standard of reasonableness, not whether counsel could provide some explanation for their actions," an evidentiary hearing exploring strategic decisions is not automatically required.  Thomas v. United States, 596 F. App'x 808, 810 (11th Cir. 2015). When the Court "can conceive of a reasonable motivation for counsel's actions, [it] will deny a claim of ineffective assistance without an evidentiary hearing."  Gordon v. United States, 518 F.3d 1291, 1302 (11th Cir. 2008).  Because Petitioner's claims, with the exception of his Ground One claim, lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

### B.    Petitioner Is Entitled to Resentencing Based on His Ground One Claim Because the Government Concedes It Breached the Plea Agreement

Respondent concedes the government breached its promise in of the revised plea agreement to not oppose a sentence of imprisonment not to exceed fifteen years by recommending a sentence within the advisory guideline range of 342 to 405 months at resentencing.  (Doc. no. 6, pp. 13.)  "'The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty.'"

United States v. Harley, 545 F. App'x 922, 924 (11th Cir. 2013) (quoting United States v. Taylor, 77 F.3d 368, 370 (11th Cir. 1996)).  "To determine whether the government violated a plea agreement, we look at 'whether the government's conduct is inconsistent with what was reasonably understood by the defendant when entering the plea of guilty.'"  Id. (quoting United States v. Nelson, 837 F.2d 1519, 1521-22 (11th Cir. 1988)).

The Court agrees the government breached the plea agreement by advocating for a sentence longer than fifteen years of imprisonment at Petitioner's resentencing, and, accordingly, Petitioner is entitled to relief as to this claim.  When a court grants a § 2255 motion, the court must first vacate and set the judgment aside and choose from among four remedies:  (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the prisoner a new trial; or (4) correct the prisoner's sentence.  United States v. Brown, 879 F.3d 1231, 1235 (11th Cir. 2018) (citing 28 U.S.C. § 2255(b)).  Generally, two remedies are available on direct appeal when the government breaches a plea agreement:  (1) remanding the case for resentencing according to the terms of the agreement; or (2) permitting withdrawal of the guilty plea.  United States v. Taylor, 77 F.3d 368, 371-72 (11th Cir. 1996) (citing United States v. Rewis, 969 F.2d 985, 988-89 (11th Cir. 1992)); see also Santobello v. New York, 404 U.S. 257, 262 (1971).

Petitioner specifically states he does not want to withdraw his guilty plea, as he is guilty of the charge to which he pleaded guilty, and requests to be resentenced under the terms of the revised plea agreement.  (Doc. no. 1, pp. 17, 31.)  Based on the government's violation of the terms of the plea agreement and Petitioner's continued concession of guilt, the Court finds resentencing is the proper § 2255 relief.  Despite Petitioner's argument to the

contrary, his revised plea agreement did not include an agreed-upon sentencing range or specific sentence, and he is not entitled to a fifteen-year sentence at resentencing.

During the August 29, 2017 resentencing hearing, Mr. Rawlings asked to withdraw as counsel from Petitioner's case, and Judge Bowen allowed him to do so.  CR 315-005, doc. no. 66, pp. 18-19.  Accordingly, because the Court is recommending that Petitioner be re-sentenced, the Court also recommends that an attorney be appointed to represent Petitioner in the new sentencing proceedings.

### C.    Petitioner Is Not Entitled to Relief on His Ground Two Claim

Petitioner argues his Georgia felony obstruction conviction does not qualify as an ACCA predicate offense because he committed the offense when he was seventeen, the conviction was for a misdemeanor, he received a sentence under one year, and he was housed in an adult facility when he committed the crime.  (Doc. no. 1, p. 15; doc. no. 2, p. 2.) Petitioner also argues Johnson v. United States, 576 U.S. _, 135 S. Ct. 2551 (2015), invalidated two of his qualifying felonies as unconstitutionally void due to vagueness.  (Doc. no. 1, pp. 15, 19-20.)

On direct appeal, Petitioner argued the felony obstruction conviction was not a qualifying felony under the ACCA based on the circumstances surrounding commission of the crime.  Cook, 686 F. App'x at 662-64.  The Eleventh Circuit held the conviction was a qualifying felony because felony obstruction is categorically a crime of violence regardless of circumstances and, thus, determined Petitioner is an armed career criminal under 18 U.S.C. § 924(e)(1).  Id.  The Eleventh Circuit also held Johnson did not impact Petitioner's classification as an armed career criminal because the conviction qualifies as a violent felony under the ACCA's elements clause.  Thus, to the extent Petitioner attempts to challenge the

Eleventh Circuit's ruling on these issues, the claim is barred from considering them here. United States v. Nyhuis, 211 F.3d 1340, 1341 (11th Cir. 2000) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.") (quotation omitted).

However, Petitioner argues here, apparently for the first time, his 1996 conviction is not a qualifying felony conviction because he was a juvenile when it was committed. Because it is unclear whether the Eleventh Circuit considered this argument, the Court addresses it here. A conviction counts towards the ACCA enhancement where the defendant was (1) convicted and sentenced as an adult and (2) the crime was punishable by imprisonment for a term exceeding one year. United States v. Spears, 443 F.3d 1358, 1360-61 (11th Cir. 2006) (citing 18 U.S.C. § 924(e)(2)(B) ("[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding year . . . that has an element the use, attempted use, or threatened use of physical force against the person of another . . . .")).

First, there is no indication in the record, other than Petitioner's conclusory claim, he was convicted or sentenced as a juvenile for the felony obstruction conviction. The PSI stated Petitioner had no juvenile adjudications and listed the felony obstruction conviction under his adult criminal convictions. Third Revised PSI ¶¶ 38, 43. Furthermore, Petitioner pleaded guilty in the Superior Court of Laurens County, not in a juvenile court, at the same time he pleaded guilty to several other felony offenses. Third Revised PSI ¶¶ 41-46. Moreover, Petitioner's statements as to his status regarding the offense are contradictory, as he first indicates he was in a juvenile facility at the time the offense occurred and later states it was an adult facility. (Doc. no. 1, p. 20; doc. no. 2, p. 2.) Thus, the Court finds Petitioner's conclusory claim he was adjudicated as a juvenile unsupported by the record and

14

determines Petitioner was convicted and sentenced as an adult for the felony obstruction conviction.

Second, felony obstruction is punishable by imprisonment for a term exceeding one year.  The Georgia crime of felony obstruction of justice is punishable by "not less than one nor more than five years" of imprisonment.  O.C.G.A. § 16-10-24(b).  Additionally, the crime categorically qualifies as a violent felony under the ACCA.  <u>Cook</u>, 686 F. App'x at 663 (citing <u>United States v. Brown</u>, 805 F.3d 1325, 1327-28 (11th Cir. 2015)).  Furthermore, despite Petitioner's contention to the contrary, Petitioner was sentenced to five years of probation for his 1996 felony obstruction conviction.  PSI ¶ 43.  Accordingly, Petitioner's claim the felony obstruction conviction did not qualify as an ACCA predicate felony fails because Petitioner was convicted and sentenced as an adult and the crime was punishable by a term of imprisonment exceeding one year.  Thus, Petitioner is not entitled to relief as to his Ground Two claims.

### D.   Petitioner is Not Entitled to Relief on His Ground Three Claim

In Ground Three, Petitioner argues he cannot be sentenced under 18 U.S.C. § 3559 because the government did not file a notice pursuant to 21 U.S.C. § 851.  (Doc. no. 1, pp. 16, 21-22; doc. no. 2, p. 2.)  21 U.S.C. § 851 states no person convicted of an offense under Title 21, Chapter 13, Subchapter I, Part D ("Controlled Substances Act") shall be sentenced to an increased punishment based on prior convictions unless, prior to trial or entry of a guilty plea, the United States attorney files an information stating in writing the previous convictions to be relied upon.  18 U.S.C. § 3559(c)(1) mandates life imprisonment for a defendant convicted of a serious violent felony if the defendant was previously convicted of two or more serious violent felonies or serious drug offenses.  The notice requirement of

§ 851 applies to imposition of the mandatory life imprisonment sentence.   18 U.S.C. § 3559(c)(4).   However, ACCA does not incorporate the notice requirement of § 851 or include a similar notice requirement.  See generally 18 U.S.C. § 924.

Petitioner was not charged with and did not plead guilty to any offenses under the Controlled Substances Act and was not subject to or sentenced to a mandatory life sentence pursuant to § 3559(c).   Accordingly, the government was not required to comply with the notice requirement of § 851, and Petitioner is not entitled to relief as to his Ground Three claim.

### E.   Petitioner's Ineffective Assistance of Appellate Counsel Claims in Ground Four Form No Basis for Relief

#### a.   Under Strickland v. Washington, Petitioner Bears a Heavy Burden on an Ineffective Assistance of Counsel Claim

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984).  See Massaro v. United States, 538 U.S. 500, 505 (2003); United States v. Armstrong, 546 F. App'x 936, 940 (11th Cir. 2013).   Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions."  Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001).

Thus, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Id.  "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one."  Fugate v. Head, 261 F.3d 1206, 1217

(11th Cir. 2001) (citation omitted).  "The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ."  Ward v. Hall, 592 F.3d 1144, 1164 (11th Cir. 2010) (citing Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995)).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013).  Under the prejudice prong of Strickland, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

A petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.  That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice."  Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).  Indeed, the Court must examine the entirety of counsel's performance and the effect of such "in light of the record as a whole to determine whether it was reasonably probable that the outcome would have been different."  Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989).  Furthermore, "where the alleged error of counsel is a

failure to investigate or discovery potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." Hill v. Lockhart, 474 U.S. 52, 60 (1985).

The Strickland test also applies to claims of ineffective assistance of appellate counsel, see Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991), with the additional consideration that a criminal defendant has no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983); see also Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir. 2009) (explaining appellate counsel not required to raise every non-frivolous issue). Appellate counsel is not ineffective for failing to raise claims 'reasonably considered to be without merit.'" United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (citation omitted). Moreover, it is up to appellate counsel to winnow out weaker arguments, even if they may have merit, and select the most promising issues for review. Jones, 463 U.S. at 751-52; Philmore, 575 F.3d at 1264. Prejudice turns on whether "the neglected claim would have a reasonable probability of success on appeal." Philmore, 575 F.3d at 1265 (citation omitted).

### b. Mr. Gough Did Not Render Ineffective Assistance of Counsel By Failing to Cite Mathis in His Appellate Brief

In Ground Four (a), Petitioner claims Mr. Gough rendered ineffective assistance of counsel by not arguing the Georgia obstruction conviction was not an ACCA predicate felony under Mathis v. United States, 579 U.S. -, 136 S. Ct. 2243 (2016). (Doc. no. 1, pp. 22-24.) Petitioner argues Mathis "gave a clear understanding [of] how sentencing courts should

interpret a different kind of alternatively phrased statute" and the Georgia felony obstruction statute lists alternative means of committing the crime.  (Id.)

In Mathis, the Court applied a modified categorical approach to determine whether a conviction qualified as an ACCA predicate offense where the statute defines multiple crimes by listing multiple, alternative elements.  Mathis, 136 S. Ct. at 2248-50.  The modified categorical approach allows a court to look at a limited class of documents from the record of a prior conviction to determine whether the crime fits within the statute under which the defendant was qualified as a predicate offense.  Id.  However, where a statute gives a single set of elements and defines a single crime, a court does not apply the modified categorical approach but merely "lines up that crime's elements alongside those of the generic offense and sees if they match."  Id. at 2248.

In Brown, the Eleventh Circuit held the crime of Georgia felony obstruction is categorically a violent felony under the ACCA's elements clause because it requires "offering or doing violence" to the person of another.  Brown, 805 F.3d at 1327.  On direct appeal of Petitioner's first sentence, the Eleventh Circuit held Georgia felony obstruction is categorically a violent crime.  Cook, 686 F. App'x at 663 (citing Descamps v. United States, 570 U.S. 254, 2281-82 (2013)).  Although the Eleventh Circuit did not address Mathis when resolving the government's appeal of Petitioner's sentence, nothing in Mathis undermines the Eleventh Circuit's determinations felony obstruction categorically satisfies the ACCA and the modified categorical approach does not apply.  Accordingly, Petitioner could not have been prejudiced by Mr. Gough failing to cite Mathis, as doing so would not have created a reasonable probability of success on appeal as to his claim.  See Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir. 2009) (stating prejudice on appeal turns on whether "the

neglected claim would have a reasonable probability of success on appeal"). Thus, Petitioner's Ground Four (a) claim fails.

> ### c. Mr. Gough Did Not Render Ineffective Assistance of Counsel by Failing to Argue Petitioner's Florida Battery Conviction Was Not a Predicate Felony under the ACCA

In Ground Four (b), Petitioner argues Mr. Gough rendered ineffective assistance by "failing to argue under plain error" Petitioner's Florida felony battery conviction was not a violent felony under the ACCA. Petitioner argues Florida's felony battery statute is divisible, requiring a modified categorical approach to determine if it is an ACCA violent felony. (Doc. no. 1, pp. 24-25.)

Florida felony battery is punishable under two statutes. See Fla. Stat. §§ 784.03, 784.041. Fla. Stat. § 784.03 states:

> (1)(a)  The offense of battery occurs when a person:
>
>> 1.  Actually and intentionally touches or strikes another person against the will of the other; or
>> 2.  Intentionally causes bodily harm to another person.
>
> . . .
>
> (2)  A person who has one prior conviction for battery, aggravated battery, or felony battery and who commits any second or subsequent battery commits a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084. For purposes of this subsection, "conviction" means a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld or a plea of nolo contendere is entered.

Fla. Stat. § 784.041 states, in relevant part:

> (1)  A person commits felony battery if he or she:
>
>> (a)  Actually and intentionally touches or strikes another person against the will of the other; and
>> (b)  Causes great bodily harm, permanent disability, or permanent disfigurement.

The judgment for Petitioner's Florida felony battery conviction specifies Petitioner was convicted under § 784.041.[1]   The Eleventh Circuit has held felony battery under § 784.041 categorically constitutes a crime of violence under the elements clause of the ACCA.  United States v. Yawn, 730 F. App'x 881, 881-82 (11th Cir. 2018) (citing United States v. Green, 873 F.3d 846, 869 (11th Cir. 2017)).  Thus, § 784.041 is not divisible, the modified categorical approach does not apply, and Petitioner's conviction categorically qualifies as an ACCA predicate felony.

For this reason, Petitioner could not have been prejudiced by Mr. Gough's decision not to raise the issue on appeal, and Petitioner's Ground Four (b) claim fails.  See United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (rejecting ineffective assistance argument because "a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client").

### F.   Petitioner Is Not Entitled to Relief on the Ineffective Assistance Claim Raised in Ground Five

Petitioner argues Mr. Rawlings provided ineffective assistance at resentencing by failing to argue his Florida battery conviction was not a violent felony under the ACCA. (Doc. no. 1, pp. 24-25.)  For the reasons stated above, Petitioner's Florida battery conviction qualifies as a predicate felony under the ACCA.  Thus, Mr. Rawlings could not have

---

[1]See  Hillsborough  County,  Florida  Clerk  of  Court  Web,  available  at https://hover.hillsclerk.com/html/home.html (follow "Case Search" hyperlink; then search for "Cook, Kenta," open 10CF006543; follow "Events/Documents" hyperlink; open "Felony Commitment of Florida State Prison" hyperlink; last visited Mar. 22, 2019); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

prejudiced Petitioner by failing to raise this issue at resentencing.  <u>Winfield</u>, 960 F.2d at 974.

Thus, Petitioner is not entitled to relief on his Ground Five ineffective assistance claim.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **GRANTED** as to his claim the government breached the plea agreement at resentencing, the § 2255 motion be **DENIED** as to his remaining claims, Petitioner be appointed counsel for the purpose of resentencing, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of March, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA