IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2019 MAY -8  AM II: II

CLERK_____
SO. DIST. OF GA.

KENTA COOK,                      )
                                 )
          Petitioner,            )
                                 )
     v.                          )          CV 318-058
                                 )          (Formerly CR 315-005)
UNITED STATES OF AMERICA,        )
                                 )
          Respondent.            )

---

**O R D E R**

---

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation, to which no objections have been filed.  Accordingly,

the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion

and **GRANTS** Petitioner's motion filed pursuant to 28 U.S.C. § 2255 as to his claim the

government breached the plea agreement at resentencing but **DENIES** the § 2255 motion as

to Petitioner's remaining claims.

Two remedies are available where the government breaches a plea agreement: (1)

resentencing before a different judge; or (2) allowing withdrawal of the guilty plea.  United

States v. Perez, 520 F. App'x 923, 923 (11th Cir. 2013) (citing United States v. Taylor, 77

F.3d 368, 371-72 (11th Cir. 1996); see also Santobello v. New York, 404 U.S. 257, 262

(1971) (remanding criminal case to state court for sentencing before different judge or

withdrawal of guilty plea where prosecutor breached plea agreement).  The choice between

the remedies is within the discretion of the Court.  Id.  However, "'the remedy of withdrawal

of the guilty plea has not been favored in this circuit,'" and Petitioner states he does not wish to withdraw his plea. Taylor, 77 F.3d at 372 (quoting Jefferies, 908 F.2d at 1527); (doc. no. 1, p. 17). Finally, Petitioner knowingly and voluntarily entered his plea. See Perez 520 F. App'x at 923 (finding specific performance of plea agreement particularly appropriate where no question exists defendant knowingly and voluntarily entered his plea) (citing United States v. Johnson, 132 F.3d 628, 631 (11th Cir. 1998)). Here, the Court finds resentencing before another District Judge is the proper § 2255 relief. Accordingly, the underlying criminal action, CR 315-005, is referred to Chief United States District Judge J. Randal Hall for reassignment.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal in forma pauperis. See 28 U.S.C. § 1915(a)(3).

---

[1]"If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

Upon the foregoing, the Court **DIRECTS** the Clerk to **CLOSE** this civil action and **ENTER** an appropriate final judgment in the case.

SO ORDERED this _____ day of May, 2019, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE